# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                    SUPERIOR COURT
                                    DEPARTMENT OF THE TRIAL COURT
                                    CIVIL ACTION NO.   20 0623

HAMPDEN COUNTY
SUPERIOR COURT
FILED

NOV 18 2020

LORRAINE M. SCHUHLEN,

    Plaintiff

v.

CVS PHARMACY, INC., GPT-
LONGMEADOW, LLC AND GROVE
PROPERTY FUND LLC,

    Defendants

CLERK OF COURTS

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## PARTIES

1. The Plaintiff, Lorraine M. Schuhlen, is a natural person with a residential address of 14 Bluegrass Drive, East Longmeadow, Hampden County, Massachusetts.

2. The Defendant, CVS Pharmacy, Inc., is a foreign corporation organized under the laws of Rhode Island with a principal place of business at One CVS Drive, Woonsocket, Rhode Island ("CVS").

3. The Defendant, GPT-Longmeadow, LLC, is a foreign limited liability company organized under the laws of Delaware with a principal place of business at 36 Welles Street, Suite 220, Glastonbury, Connecticut ("GPT-Longmeadow").

4. The Defendant, Grove Property Fund LLC, is a Delaware limited liability company with a principal place of business at 36 Welles Street, Suite 220, Glastonbury, Connecticut ("Grove Property Fund").

## FACTS COMMON TO ALL COUNTS

5. CVS operates a store at 746 Bliss Road, Longmeadow, Hampden County, Massachusetts, for the sale of miscellaneous products at such site to the public (the "Property").

6. GPT-Longmeadow owned the premises located at 746 Bliss Road, Longmeadow, Hampden County, Massachusetts, at all times relevant to the Complaint herein.

7. Grove Property Fund managed and/or operated the premises located at 746 Bliss Road, Longmeadow, Hampden County, Massachusetts, at all times relevant to the Complaint herein.

BACON WILSON, P.C.
ATTORNEYS AT LAW
6 SOUTH EAST STREET
AMHERST, MA 01002
TELEPHONE (413) 256-6701
FAX (413) 256-6469

100 RUSSELL STREET
P.O. BOX 377
HADLEY, MA 01035
TELEPHONE (413) 586-5055
FAX (413) 586-0005

57 CENTER STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-1287
FAX (413) 584-0453

33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

94 NORTH ELM STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-6611
FAX (413) 568-3209

8. On or about February 17, 2018, Lorraine M. Schuhlen drove to the CVS store at 746 Bliss Road in Longmeadow, Massachusetts and parked her vehicle in the parking lot in front of the store.

9. After parking her vehicle, Lorraine M. Schuhlen exited her vehicle and walked through the parking lot toward the front entrance of CVS.

10. As she walked toward the front entrance of CVS and near the covered entryway to the right of the front entrance, Lorraine M. Schuhlen tripped and fell on a wheel stop, which was the same color as the cement parking area.

11. As a result thereof, Lorraine M. Schuhlen, was thrown to the pavement and was seriously injured, suffered great pain of body and mind, and incurred expenses for medical care and attention.

12. The parking lot and wheel stop were unsafe and defective due to the lack of proper signs, warnings, and other indicators to pedestrians so as to afford safe passage through the parking lot to the public.

## COUNT I – NEGLIGENT DESIGN, CONSTRUCTION AND/OR MAINTENENCE
### (Plaintiff v. CVS)

13. Lorraine M. Schuhlen hereby incorporates by reference all paragraphs previously set forth in this Complaint and re-alleges them as if each were fully set forth herein.

14. At all times relevant to this Complaint, the CVS owned or leased the parcel of property located at 746 Bliss Road, Longmeadow, Massachusetts, upon which the CVS store was located, and at all times was responsible for the care, maintenance, repair and condition of the Property where it conducted its business including its parking lot and its access ways.

15. CVS negligently failed to exercise reasonable care as a result of its design, construction and/or maintenance of its parking lot and wheel stop so as to cause an unreasonable risk of peril to be present on the Property.

16. CVS negligently failed to exercise reasonable care in that it knew or should have known that the unsafe design and condition of the Property presented a safety hazard.

17. CVS negligently failed to exercise reasonable care in that it failed to maintain the Property in a reasonably safe condition for members of the public.

18. CVS knew or should have known that there existed a high volume of customer and other traffic at the CVS store and that the defective design and condition of the parking lot and wheel stop located on the Property caused an unreasonable risk of serious bodily harm to lawful entrants, including Lorraine M. Schuhlen.

2

19. As a direct and proximate result of the Defendant, CVS Pharmacy, Inc.'s, negligence, the Plaintiff, Lorraine M. Schuhlen, was caused extreme pain of body and mind, has suffered and will continue to suffer from serious and debilitating permanent physical injuries, and has been caused to incur and will continue to incur substantial medical expenses. Plaintiff's ability to enjoy life and to attend to her usual activities has been greatly and inalterably impaired, all to her loss.

WHEREFORE, the Plaintiff, Lorraine M. Schuhlen, demands judgment against the Defendant, CVS Pharmacy, Inc., in a fair and just amount, plus attorneys' fees, interest, disbursements and costs.

## COUNT II – NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION
### (Plaintiff v. CVS)

20. Lorraine M. Schuhlen hereby incorporates by reference all paragraphs previously set forth in this Complaint and re-alleges them as if each were fully set forth herein.

21. CVS negligently failed to exercise reasonable care as a result of its design, construction and/or maintenance of its parking lot and wheel stop so as to cause an unreasonable risk of peril to be present on the Property.

22. CVS negligently failed to exercise reasonable care as it knew or should have known of the unreasonably dangerous conditions present on the Property.

23. CVS negligently failed to exercise reasonable care in that it failed in its duty to provide proper signs, markings or other notice to lawful entrants of the unreasonably dangerous conditions present on the Property of which it was or should have been aware.

24. As a direct and proximate result of the Defendant, CVS Pharmacy, Inc.'s, negligence, the Plaintiff, Lorraine M. Schuhlen, was caused extreme pain of body and mind, has suffered and will continue to suffer from serious and debilitating permanent physical injuries, and has been caused to incur and will continue to incur substantial medical expenses. Plaintiff's ability to enjoy life and to attend to her usual activities has been greatly and inalterably impaired, all to her loss.

WHEREFORE, the Plaintiff, Lorraine M. Schuhlen, demands judgment against the Defendant, CVS Pharmacy, Inc., in a fair and just amount, plus attorneys' fees, interest, disbursements and costs.

## COUNT III – NEGLIGENT DESIGN, CONSTRUCTION AND/OR MAINTENENCE
### (Plaintiff v. GPT-Longmeadow)

25. Lorraine M. Schuhlen hereby incorporates by reference all paragraphs previously set forth in this Complaint and re-alleges them as if each were fully set forth herein.

26. At all times relevant to this Complaint, the GPT-Longmeadow owned the parcel of property located at 746 Bliss Road, Longmeadow, Massachusetts, upon which the CVS store was located, and at all times was responsible for the care, maintenance, repair and condition of the Property including its parking lot and its access ways.

27. GPT-Longmeadow negligently failed to exercise reasonable care as a result of its design, construction and/or maintenance of its parking lot and wheel stop so as to cause an unreasonable risk of peril to be present on the Property.

28. GPT-Longmeadow negligently failed to exercise reasonable care in that it knew or should have known that the unsafe design and condition of the Property presented a safety hazard.

29. GPT-Longmeadow negligently failed to exercise reasonable care in that it failed to maintain the Property in a reasonably safe condition for members of the public.

30. GPT-Longmeadow knew or should have known that there existed a high volume of customer and other traffic at the CVS store and that the defective design and condition of the parking lot and wheel stop located on the Property caused an unreasonable risk of serious bodily harm to lawful entrants, including Lorraine M. Schuhlen.

31. As a direct and proximate result of the Defendant, GPT-Longmeadow, LLC's, negligence, the Plaintiff, Lorraine M. Schuhlen, was caused extreme pain of body and mind, has suffered and will continue to suffer from serious and debilitating permanent physical injuries, and has been caused to incur and will continue to incur substantial medical expenses. Plaintiff's ability to enjoy life and to attend to her usual activities has been greatly and inalterably impaired, all to her loss.

WHEREFORE, the Plaintiff, Lorraine M. Schuhlen, demands judgment against the Defendant, GPT-Longmeadow, LLC, in a fair and just amount, plus attorneys' fees, interest, disbursements and costs.

### COUNT IV – NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION
(Plaintiff v. GPT-Longmeadow)

32. Lorraine M. Schuhlen hereby incorporates by reference all paragraphs previously set forth in this Complaint and re-alleges them as if each were fully set forth herein.

33. GPT-Longmeadow negligently failed to exercise reasonable care as a result of its design, construction and/or maintenance of its parking lot and wheel stop so as to cause an unreasonable risk of peril to be present on the Property.

34. GPT-Longmeadow negligently failed to exercise reasonable care as it knew or should have known of the unreasonably dangerous conditions present on the Property.

35. GPT-Longmeadow negligently failed to exercise reasonable care in that it failed in its duty to provide proper signs, markings or other notice to lawful entrants of the unreasonably dangerous conditions present on the Property of which it was or should have been aware.

36. As a direct and proximate result of the Defendant, GPT-Longmeadow, LLC's, negligence, the Plaintiff, Lorraine M. Schuhlen, was caused extreme pain of body and mind, has suffered and will continue to suffer from serious and debilitating permanent physical injuries, and has been caused to incur and will continue to incur substantial medical expenses. Plaintiff's ability to enjoy life and to attend to her usual activities has been greatly and inalterably impaired, all to her loss.

WHEREFORE, the Plaintiff, Lorraine M. Schuhlen, demands judgment against the Defendant, GPT-Longmeadow, LLC, in a fair and just amount, plus attorneys' fees, interest, disbursements and costs.

## COUNT V – NEGLIGENT DESIGN, CONSTRUCTION AND/OR MAINTENENCE
### (Plaintiff v. Grove Property Fund)

37. Lorraine M. Schuhlen hereby incorporates by reference all paragraphs previously set forth in this Complaint and re-alleges them as if each were fully set forth herein.

38. At all times relevant to this Complaint, the Grove Property Fund managed and/or operated the parcel of property located at 746 Bliss Road, Longmeadow, Massachusetts, upon which the CVS store was located, and at all times was responsible for the care, maintenance, repair and condition of the Property including its parking lot and its access ways.

39. Grove Property Fund negligently failed to exercise reasonable care as a result of its design, construction and/or maintenance of its parking lot and wheel stop so as to cause an unreasonable risk of peril to be present on the Property.

40. Grove Property Fund negligently failed to exercise reasonable care in that it knew or should have known that the unsafe design and condition of the Property presented a safety hazard.

41. Grove Property Fund negligently failed to exercise reasonable care in that it failed to maintain the Property in a reasonably safe condition for members of the public.

42. Grove Property Fund knew or should have known that there existed a high volume of customer and other traffic at the CVS store and that the defective design and condition of the parking lot and wheel stop located on the Property caused an unreasonable risk of serious bodily harm to lawful entrants, including Lorraine M. Schuhlen.

5

43. As a direct and proximate result of the Defendant, Grove Property Fund LLC's, negligence, the Plaintiff, Lorraine M. Schuhlen, was caused extreme pain of body and mind, has suffered and will continue to suffer from serious and debilitating permanent physical injuries, and has been caused to incur and will continue to incur substantial medical expenses. Plaintiff's ability to enjoy life and to attend to her usual activities has been greatly and inalterably impaired, all to her loss.

WHEREFORE, the Plaintiff, Lorraine M. Schuhlen, demands judgment against the Defendant, Grove Property Fund LLC, in a fair and just amount, plus attorneys' fees, interest, disbursements and costs.

### COUNT VI – NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION
(Plaintiff v. Grove Property Fund)

44. Lorraine M. Schuhlen hereby incorporates by reference all paragraphs previously set forth in this Complaint and re-alleges them as if each were fully set forth herein.

45. Grove Property Fund negligently failed to exercise reasonable care as a result of its design, construction and/or maintenance of its parking lot and wheel stop so as to cause an unreasonable risk of peril to be present on the Property.

46. Grove Property Fund negligently failed to exercise reasonable care as it knew or should have known of the unreasonably dangerous conditions present on the Property.

47. Grove Property Fund negligently failed to exercise reasonable care in that it failed in its duty to provide proper signs, markings or other notice to lawful entrants of the unreasonably dangerous conditions present on the Property of which it was or should have been aware.

48. As a direct and proximate result of the Defendant, Grove Property Fund LLC's, negligence, the Plaintiff, Lorraine M. Schuhlen, was caused extreme pain of body and mind, has suffered and will continue to suffer from serious and debilitating permanent physical injuries, and has been caused to incur and will continue to incur substantial medical expenses. Plaintiff's ability to enjoy life and to attend to her usual activities has been greatly and inalterably impaired, all to her loss.

WHEREFORE, the Plaintiff, Lorraine M. Schuhlen, demands judgment against the Defendant, Grove Property Fund LLC, in a fair and just amount, plus attorneys' fees, interest, disbursements and costs.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON EACH OF THE COUNTS SET FORTH ABOVE.**

Respectfully submitted,
The Plaintiff
Lorraine M. Schuhlen,
By her Attorney,

*/s/ Christopher D. Pierson*

CHRISTOPHER D. PIERSON, ESQUIRE
BACON WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
cpierson@baconwilson.com
BBO #667092

Dated: November 17, 2020

7

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20 0623 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** LORRAINE M. SCHUHLEN <br> **ADDRESS:** 14 Bluegrass Drive, East Longmeadow, MA | **DEFENDANT(S):** CVS Pharmacy, Inc., GPT-Longmeadow, LLC and Grove Property Fund LLC | **COUNTY** Hampden |
| **ATTORNEY:** Christopher D. Pierson, Esq. <br> **ADDRESS:** Bacon Wilson, P.C. <br> 33 State Street, Springfield, MA 01103 | **ADDRESS:** One CVS Drive, Woonsocket, Rhode Island; <br> 36 Welles Street, Suite 220, Glastonbury, Connecticut; and <br> 36 Welles Street, Suite 220, Glastonbury, Connecticut | |
| **BBO:** 667092 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury - Slip & Fall | F | [x] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [x] NO

Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [x] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................ $ 23,130.46
2. Total doctor expenses .............................................................................. $ 9,897.00
3. Total chiropractic expenses ..................................................................... $
4. Total physical therapy expenses .............................................................. $ 1,931.02
5. Total other expenses (describe below) ..................................................... $ 3,461.00
   Radiology, Anesthesia                                                        Subtotal (A): $ 38,419.48
B. Documented lost wages and compensation to date ................................... $
C. Documented property damages to date ...................................................... $
D. Reasonably anticipated future medical and hospital expenses .................... $
E. Reasonably anticipated lost wages ............................................................. $
F. Other documented items of damages (describe below) .............................. $

HAMPDEN COUNTY SUPERIOR COURT FILED NOV 18 2020 CLERK OF COURTS

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
As a result of the Defendants' negligence, the Plaintiff tripped over a wheel stop in a parking lot located at 746 Bliss Road, Longmeadow, Massachusetts and sustained serious injuries including a right wrist fracture.

TOTAL (A-F): $ 38,419.48+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)
[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X _[signature]_     Date: Nov 17, 2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record:  X _[signature]_     Date: Nov 17, 2020

2